

In the U.S. District Court
For the Southern District of Mississippi
Southern District

GAGAh ALAMSYAh

v.

Civil Case No.: 1:14cv68

Michael V. Lombardi
    Defendant

## Motion to Dismiss

COMES NOW, defendant, Michael Lombardi, filing this motion to dismiss pro se, hereby requests this case dismissed based on Rule 12(b)(6) under Fed. R. Civ. P.

## Statement of Facts

"Under Rule 12(b)(6), a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief." Lane v. Haliburton, 529 F.3d 548, 557 (5th Circuit 2008)(citing Bell Atl. Corp. v. Twombly, 550 US 544, 555-58, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007)).

The plaintiff must plead specific facts, not conclusory allegations, to avoid dismissal. The plaintiffs were never defrauded by Michael Lombardi. They were never promised work and/or exploited by Michael Lombardi and they surely did not pay money to me. In fact, they don't know me at all whatsoever.

I never "knowingly" made or presented a "false statement" in an application, affidavit, or other document. See U.S. v. Yong Ping Liu, 288 Fed.Appx. 193 (5th Cir. 2008).

The plaintiff has failed to show any type of evidence that consists of coordination or any efforts of working with me to gain employment in the United States. They were never recruited by me to work for any employers within the entire globe, nevermind the U.S. They have never had one communication with me. Their final travel itinerary was to an inappropriate location to work for an inappropriate employer. They knew exactly where and who they were going to work for or they would have arrived to the door steps of the employer who sponsored their H2B visa.

These facts are documented within the record already in exhibit fashion. Additionally, in Iqbal v. Hasty, 490 F.3d 143, 147-48 (CA 2 2007), arrested on charges of fraud in relation to identification documents and conspiracy to defraud the U.S. the H2B workers conduct was "consistent with conspiracy." We know the plaintiff had to lie to their own country and to the U.S. Embassy, in order to obtain a valid visa under false pretenses, so they could work in Mississippi instead of to the appropriate employer.

- 1 -

Moreover, in Hyder v. Keisler, 506 F.3d 388 (5th Cir. 2007), the international workers committed a crime by deliberately lying to the U.S. Embassy abroad. Dishonesty or lying was an essential element that involved moral turpitude.

It is a fact that they lied to the U.S. Embassy, since they factually ended up working for an inappropriate employer, with travel itinerary directly to Mississippi, so they could work for the Beau Rivage Hotel.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement' to relief." Ascroft v. Iqbal, 556 US 662, 129 S.Ct. 1937, 1949, 173 L.Ed 2d 868 (U.S. 2009) (quoting Twombly, 550 US at 556-57, 570).

In the instant case, there is no such "sufficient factual matter." The complaint is not plausible, there is no factual content and most of all Michael Lombardi never had a single communication known to man with the individual H2B workers. They factually state this in their depositions within this case. There is no mention of Michael Lombardi whatsoever. It was impossible for me to have helped them commit visa fraud. Again, see Yong Ping Liu. However, the plaintiff's factually committed visa fraud. They lied to their own country and the U.S. Embassy by "knowing" making and presenting "false statements" in several different applications and other documents, stating how they were going to work for the petitioner who was granted the H2B visas, but in reality they went to work for the Beau Rivage and Royal Hospitality and/or other inappropriate employers. These H2B individuals who claim to be victims are actually conspirators themselves, who did whatever it took to gain entry in to the United States, so they could start a new life here. Again, see Iqbal and the Hasty cases.

In fact, if there was any fraud whatsoever committed in this case, it had to have been done in the home country of the individual H2B workers and is beyond the jurisdiction of this court.

Additionally, the record factually recorded exhibit 80, which is an acquittal of all charges against me and my company from the country of the Philippines. This would surely relate to the others that may or may not be from the Philippines.

The plaintiff's complaint fails to specify the wrongful acts that were allegely committed by me or what conduct of mine cause the plaintiff damage. I never hired the plaintiff nor did the plaintiff and I ever communicate by any means known to man. There is no evidence on the record or anywhere whatsoever that connects me to any wrong doing against the plaintiff.

There is nothing within this case that could be accepted as true due to sufficient factual content, since there is no content at all that involves me. Specifically Rule 9(b) requires that the plaintiff specify the particulars of 'time, place, and contents of the false representations.' Case in point. Harrington-v. State Farm Fire & Gas Co., 563 F.3d 141, 147 (5th Cir. 2009). The complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." In the instant case there

are no such sufficient facts that give rise to an entitlement to relief.  There is no legal cognizable claim at all whatsoever.

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Fed.R. Civil. P., a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  See Reliable Consultants, Inc. v. Eagle, 517 F.3d 738, 742 (5th Cir. 2008).  There is no such valid claim against me, even when it is viewed in the light most favorable to the plaintiff.  Legal conclusions are not "entitled to the assumption of truth."  Iqbal, 556 US at 679.

Furthermore, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions."  See R2 Invs. LDC v. Phillips, 401 F.3d 638, 642 (5th Cir. 2005).

The plaintiff even states how he/she was charged for inappropriate recruitment and visa fees, when the 5th circuit states the exact opposite.  See Casteallanos-Contreras v. Decatur Hotels, LLC, 662 F.3d, 393, 2010 WL 3816016 (5th Cir. 2010).  On October 1, 2010, the FIFTH CIRCUIT, en banc, rules in favor of the defendants, holding as a matter of law, H2B worker's inbound travel, **visa** and recruitment expenses are **not** reimbursable under the FLSA.

## Conclusion

This honorable *court* should dismiss this false and frivolous claim against Michael Lombardi, since there are no facial plausible claims, factual content, evidence or any type of probability that I did anything whatsoever to defraud and/or exploit the plaintiff in any fashion.  This honorable court should also grant any other relief to which the defendant is entitled or the court deems appropriate.

Respectfully submitted,

_____    _____11/26/2014_____
Michael Lombardi              Dated

- 3 -

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing motion has been furnished by U.S. mail to:

Schneider, Wallace, Cottrell, Konecky, Wotkyns
3700 Buffalo Speedway
#1100
Houston, TX 77098

Clerk, U.S. District Court
Civil Division
2012 15th St., Suite 403
Gulfport, MS 39501

This was mailed through the prison system mailbox rule on this 26th day of November 2014.

_____
Michael Lombardi