GAGAH ALAMSYAH

    Plaintiffs,

v.

                                                          CIVIL ACTION
                                              NO. 1:14CV00068-HSO-RHW

MICHAEL V. LOMBARDI, EL AL.

    Defendants.

## PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

Plaintiff asks the court to dismiss Plaintiff's suit against Defendants Michael V. Lombardi and U.S. Opportunities, LLC, as authorized by Federal Rule of Civil Procedure 41(a)(2).

### A. Introduction

Plaintiff is Gagah Alamsyah; the Defendants are Michael V. Lombardi, U.S. Opportunities, LLC, and Royal Hospitality Services, LLC. Plaintiff sued defendants under the William Wilberforce Trafficking Victims Protection Reauthorization Act and the Fair Labor Standards Act. Plaintiff files this Motion to Dismiss Defendants Michael V. Lombardi and U.S. Opportunities, LLC. Plaintiff does not seek to dismiss Royal Hospitality Services, LLC.

### B. Argument

The court should freely grant a motion for voluntary dismissal as long as the nonmovant will not be prejudiced. *Versa Prods., Inc. v. Home Depot, USA Inc.,* 387 F.3d 1325, 1327 (11th Cir. 2004); *see* Fed. R. Civ. P. 41(a)(2); *Cone v. W. Va. Pulp & Paper Co.,* 330 U.S. 212, 217, 67 S. Ct. 752, 755 (1947). Plaintiff diligently moved for dismissal as soon as it became apparent that dismissal was necessary. *Ohlander v. Larson*, 114 F.3d 1531, 1538 (10th Cir. 1997).

Defendants, Michael V. Lombardi and U.S. Opportunities, LLC, will not be prejudiced by the dismissal. *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir. 2001); *Pontenberg v. Boston Sci. Corp.,* 252 F.3d 1253, 1255-56 (11th Cir. 2001); *see County of Santa Fe, N.M. v. Pub. Serv. Co. of N.M.,* 311 F.3d 1031, 1049-50 (10th Cir. 2002). The dismissal will not deny Defendants any defense that they are entitled to and the Defendants have not filed any counterclaims. The fact that Defendants themselves sought a Motion to Dismiss earlier in this litigation is evidence that they would not suffer any prejudice as a result of dismissal.

Plaintiff's motion to Dismiss has no bearings on the merits or viability of Plaintiff's claims but rather Plaintiff seeks a dismissal in order to resolve this litigation in a timely manner and to avoid the expenses associated with continuing to litigate this matter. Plaintiff requests that the dismissal be without prejudice to refiling the suit. Defendants do not have counsel of record therefore Plaintiff did not consult with Defendants regarding whether or not they oppose this motion. Plaintiff has not been granted a dismissal of a case based on or including the same claims as those presented in this suit. *ASX Inv. Corp. v. Newton,* 183 F.3d 1265, 1266-67 (11th Cir. 1999).

### C. Conclusion

For the reasons set forth above, Plaintiff asks the court to dismiss the suit without prejudice to refiling.

Dated December 16, 2015

    Respectfully submitted,

    /s/ Benjamin Ruemke_____
    Benjamin Ruemke
    Peter Schneider
    Ryan Hicks
    SCHNEIDERWALLACE
    COTTRELL KONECKY
    WOTKYNS, L.L.P.
    3700 Buffalo Speedway # 1100

Houston, Texas 77098
Telephone: 713-338-2560
Fax: 866-505-8036
pschneider@schneiderwallace.com
rhicks@schneiderwallace.com
bruemke@schneiderwallace.com
*Admitted Pro Hac Vice*

Joseph C. Peiffer
(LA Bar No. 26459)
Daniel J. Carr, #31088
Peiffer Rosca Abdullah & Carr LLP
201 St. Charles Avenue, Suite 4610
New Orleans, Louisiana 70170-4610
Telephone: (504) 586-5292
Fax: (504)310-0292
*Admitted Pro Hac Vice*

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that I filed this document on December 16, 2015 using the CM-ECF system, which will electronically notify all parties. A copy of this motion was sent via US postal to U.S. Opportunities, LLC c/o Michael V. Lombardi and to Michael V. Lombardi at 11096 47th Road N. West Palm Beach FL 33411.

            /s/ Benjamin Ruemke